IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LEKISHA GILLIARD, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CEVA LOGISTICS U.S., INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Lekisha Gilliard ("Plaintiff") and files this Complaint against Defendant Ceva Logistics ("Defendant"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended,

29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant does busines in this district and is subject to specific jurisdiction over the claims asserted herein. Venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from May 2019 to September 2020.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA.

8.

Throughout Plaintiff's employment, Plaintiff was paid on an hourly basis as a non-exempt employee entitled to overtime compensation.

9.

Defendant is an "employer" as that term has been defined by the FLSA.

10.

From March 2020 to the end of her employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours worked over 40 in workweeks that she worked off the clock with the employer's actual or constructive knowledge.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation. For example, Plaintiff routinely had to clock out and continue working and her supervisors, Tara Richardson, Lauren Bateman, and Ken Smith were copied on after hours email communications with customers when she was not clocked in. Additionally, Ms.

Bateman stated to Plaintiff that she (Ms. Bateman) could get in trouble for all the work Plaintiff was doing off the clock, but yet allowed the off the clock work to continue because of the amount of work that needed to be completed.

13.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

14.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## **Count I**

## **Violations of the Fair Labor Standards Act.**

15.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

16.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

17.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

18.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA;

(C)   Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(D)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,
This 20th day of October, 2020.

                            **BARRETT & FARAHANY**

                            /s/ V. Severin Roberts
                            V. Severin Roberts
                            Georgia Bar No. 940504
                            Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com